## A. WINKLEBLECK, Respondent, v. BUTLER COUNTY BANK, Appellant.

### Springfield Court of Appeals, November 10, 1910.

1. **PRACTICE: Estoppel: Several Defenses.** The defendant has a right to tender as many defenses as he has. If the court rule against him on one, he cannot take a nonsuit, but must avail himself as best he can of what he has remaining. So in case the court overrules his demurrer, he may tender his other defenses, and is not, by so doing, estopped from challenging the correctness of the action of the court in overruling the demurrer.

2. **BANKS AND BANKING: Depositor's Right to Balance on Deposit.** In a suit by a depositor against a bank for wrongfully refusing to pay a check covering the amount alleged to be a depositor's balance, the bank claimed that the money deposited was the proceeds from the sale of certain property, upon which plaintiff and defendant held mortgages, and which property had been sold by plaintiff under the agreement that out of the proceeds the amount of defendant's mortgage should be paid in full, and that defendant had applied this much of the deposit to its indebtedness. Plaintiff claimed that the proceeds were not sufficient to pay both mortgages in full, and that defendant was to be paid only in proportion to its claim, after the expenses of the sale had been paid, and that no settlement had been made. *Held*, that even under plaintiff's version of the agreement he was not entitled to check out and appropriate the entire proceeds, and was therefore not entitled to recover in this case.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

REVERSED.

*Lew R. Thomason* for appellant.

(1)   It is clear from the evidence, that the fund against which the plaintiff drew his check on defendant, was not the money of the plaintiff, but was the proceeds of the sale of certain property, and in which, according to the evidence of the plaintiff himself, he had put a pro rata share.   (2)   Thus it appears that plaintiff sued on one cause of action, and without amending his petition, or offering to amend it to conform to his proof, was permitted to recover on a cause of action not stated in his petition.   Webb v. Carter, 121 Mo. App. 155; Chitty v. Railroad, 148 Mo. 64; Bagnell Timber Co. v. Railroad, 180 Mo. 463.   (3) Where there is a substantial departure in the theory of an instruction given from that of the petition, the judgment should be reversed.   Caffery v. Mining Co., 95 Mo. 174.

*David W. Hill* for respondent.

(1)   The defendant bank had no authority to apply $647.90 of the deposit of A. Winklebleck Lumber Company to the payment of the balance of a promissory note given by the Hoosier Farm Company to the defendant bank without showing a special agreement between Winklebleck and the bank authorizing such application of deposits.   O'Grady v. Bank, 106 Mo. App. 366; Sparrow v. Bank, 103 Mo. App. 338.   (2) All the evidence in this case, as well as the instructions for both parties, show that this case proceeded in the lower court on the theory that the defendant bank was liable for the full amount of $647.90. If the special agreement set up in its answer was not sustained by the evidence then it cannot be heard now upon a different theory from that adopted in the lower court, nor can it change its attitude here.   Davidson v. Real Estate & Investment Co., 125 S. W. 1151; Dice v. Hamilton, 178 Mo. 89.

GRAY, J.—This suit was commenced in the Butler County Circuit Court. The plaintiff alleged in his petition that he presented his check to the defendant for the sum of $647.90, and that at said time he had sufficient money on deposit with the defendant subject to check, to pay the same, but the defendant wrongfully refused to pay said check.

The answer admitted the execution of the check and presentation of same and the refusal to pay, and alleged in defense of the action that the plaintiff and the defendant each held a chattel mortgage on certain personal property; that the mortgage of the defendant was a prior lien upon the property to the mortgage of the plaintiff; that an agreement was entered into between the plaintiff and defendant, by which it was agreed that if defendant would permit the plaintiff to sell the property included in both mortgages in such manner as to best protect him from loss, that he would pay the debt owing to the defendant bank by the mortgagor, and secured by said mortgage, out of the proceeds and sale of the property; that the defendant consented to the sale of said property upon said terms and conditions, and in pursuance thereof, on the 9th day of September, 1907, plaintiff sold at auction all the property described in both mortgages, and at said sale the defendant bid in and purchased property to the amount of $556.46, and which sum was duly credited by the defendant on the debt due it, and secured by said mortgage; that the total proceeds of the same amounted to $4200, all of which were received by the plaintiff except the sum of $556.46 aforesaid; that afterwards and on the 12th day of September, 1907, the plaintiff deposited with the defendant the sum of $3615.45, the proceeds from the sale of said property, and out of which the defendant applied to the indebtedness due and owing to the defendant by the plaintiff, as aforesaid, the sum of $647.90; that the remainder of the money which plaintiff had on deposit with

the defendant was duly paid out by the defendant upon checks of the plaintiff previous to the time the check in controversy was presented.

The issues thus made were tried before a jury, resulting in a verdict in favor of the plaintiff, for the amount of the check, upon which judgment was rendered, and after an unsuccessful effort to obtain a new trial, the defendant appealed to this court.

On behalf of the defendant, testimony was offered tending to prove the facts alleged in the answer. The plaintiff in rebuttal offered testimony tending to prove that both parties held the mortgage as set up in the answer, and by the terms of the agreement, the property was to be sold and the expenses first paid and the balance of the money pro-rated between the parties in proportion to their claims. The property did not bring enough, after paying the expenses, to pay both the claims.

It will be noticed that the only difference between the parties as to the terms of the contract, was, while defendant claimed its debt was to be paid in full from the proceeds of the property, the plaintiff claimed, in the event the property did not bring enough, after paying the expenses, to pay both parties, they were to be paid in proportion to their claims.

At the request of the plaintiff, the court gave the following instruction: "The court instructs the jury that the relation of a bank and depositor is that of debtor and creditor; and it is the duty of a bank to pay the checks of its depositor on presentation, when he has funds sufficient to his credit; and therefore, if you find and believe from the evidence that the plaintiff in this case had to his credit and on deposit, on the 11th day of October, 1907, the sum of $647.90, and that the defendant bank on that day refused to honor its draft or check for that amount, you will find for the plaintiff."

This instruction, under the evidence, was a per-

emptory instruction to find the issues in favor of the plaintiff.

In behalf of the defendant, the court gave the following instruction: "That if you should find from the evidence, that the plaintiff and defendant each held chattel mortgages on certain personal property, and that by agreement the plaintiff was to sell the property under both mortgages and pay the debt secured by the defendant's mortgage; and should further find that the plaintiff did sell such property, and that said debt was due the defendant from plaintiff at the time, then the defendant had the right to appropriate out of any money that plaintiff had on deposit with the defendant, without the plaintiff's consent, such an amount as was necessary to pay said debt, and your verdict must be for the defendant."

The defendant claims not only that the above instruction given in behalf of plaintiff is erroneous, but that under the evidence plaintiff is not entitled to recover. It is the theory of plaintiff that if the contract was as claimed by him, then inasmuch as there had been no settlement between the parties at the time the defendant refused to pay plaintiff's check, the bank held no matured debt against plaintiff upon which it had a right to apply his deposits. This doctrine we do not believe applies to the facts in this case.

The testimony shows that while the account in the bank stood in the individual name of the plaintiff, yet it was not his money. According to his version of the contract, he was to sell the property for himself and the defendant, and out of the money obtained pay first the expenses, and then divide the money with the defendant, according to the amounts of their claims. The money on deposit in the bank was the money obtained from a sale of the property, and in which defendant had an interest entirely outside of the relation of banker and depositor.

It was the duty of the plaintiff to account to the bank for his expenses in selling the property on their joint account, and offer to turn over to the bank its proper part of the money. Instead of so doing, he sought to appropriate it all to his own use.

The respondent further contends that the case was tried upon the theory of the defendant as adopted by its answer and the instructions given in its behalf, and the defendant is estopped in this court to challenge the correctness of the action of the court in overruling its demurrer to the evidence at the close of all the testimony. There is no element of estoppel under such circumstances. [Kenefick-Hammond Co. v. Fire Ins. Co., 205 Mo. 294, 103 S. W. 957.]

The defendant has a right to tender as many defenses as he has. If the court refuses to submit one of them to the jury, he can not take a nonsuit as the plaintiff can, and withdraw from the contest, but must avail himself as best he can of what he has remaining. By asking the peremptory instruction, he presents to the court his first contention, and that is, that under the evidence, the plaintiff is not entitled to recover. When the court has refused this, the defendant then has the right to tender his other defenses, and may be able to obtain the verdict on one of them, and if he does so, the action of the court, although erroneous in refusing his demurrer to the evidence, has caused him no injury. [Cochran v. Railroad, 113 Mo. l. c. 366, 21 S. W. 6; Kenefick-Hammond Co. v. Fire Ins. Co., supra.]

Under the plaintiff's testimony, he was not entitled to recover, and the court erred in refusing the defendant's instruction to that effect. As the effect of this opinion is that the plaintiff is not entitled to recover in this action the money sued for, or any part thereof, we will not remand the cause, but the judgment will be reversd. All concur.